Filed 10/4/16  P. v. Pecaro CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>KENNETH JAMES PECARO,<br><br>　　　　Defendant and Appellant. | A148394<br><br>(Sonoma County<br>Super. Ct. No. SCR-649282) |

In this case, appellant seeks review of his no contest plea.  His attorney has submitted the matter pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We are asked to review the record here and determine whether any appellate issues are present.  Counsel has advised appellant she is filing a brief pursuant to *Wende* and advised him he may personally file a supplemental brief within 30 days to raise any issues he wants this court to consider.  Appellant has not filed any supplemental brief in this regard.  We have reviewed the record and conclude the judgment should be affirmed.

**STATEMENT OF THE CASE**

Appellant was charged with one count of assault with a deadly weapon (Pen.Code,[1] § 245, subd. (a)(1)), with an additional allegation of having suffered a strike prior (§§ 1170.12, subds. (b), (c), 667, subds. (d), (e)).  He submitted a written waiver of rights form and entered his no contest plea to the charge and the strike allegation as part

---

[1] Unless otherwise stated, all statutory references herein are to the Penal Code

of a negotiated disposition calling for six years in state prison. On February 9, 2016, the trial court imposed the six-year sentence, along with fines and fees. The trial court did not approve the request by appellant for a certificate of probable cause. The court also entered an order for appellant to pay to the Victim Compensation Board and Government Claims Board (Board) a restitution sum of $22,230.08. The court set the issue of review of this sum for a restitution hearing.

The hearing on restitution was based on documents submitted by the prosecution itemizing the various expenses incurred by the victim of the assault. These were certified records from the Board. The Board reduced the medical claims documenting the victim's injuries from $35,467.43 to $22,230.08, and approved the latter amount. This is the restitution amount ordered by the trial court. At the hearing, appellant submitted no documents or evidence challenging the details of the prosecution's restitution sum. Counsel did argue the documentation was not sufficient to permit the court to conclude the extent of the dental care was the result of the underlying criminal incident. The court stated it would conclude the Board had made that determination, based on the review of the document and the sum approved by the Board. It asked counsel to identify any entries for care that appellant believed were not related to the assault. Counsel was not able to indicate any particular amounts. Based on this concession, the court determined the amount of restitution ordered would remain, but reserved its jurisdiction to visit the issue again if a future challenge was presented.

A timely notice of appeal was filed on May 13, 2016.

**STATEMENT OF FACTS**

The facts of the case are detailed in the probation report and the preliminary transcript. They indicate on December 15, 2013, victim Shawn Mahoney was seated in the back seat of a vehicle driven by a third person. Appellant was in the front passenger seat and was very intoxicated. Appellant and the driver were arguing about appellant's work gathering signatures for a petition at the Sonoma County fairgrounds that day.

2

Appellant called Mahoney a "rat," which upset Mahoney. Mahoney leaned forward between the seats to hear what was being said. Using a roll of duct tape as a set of brass knuckles, appellant punched Mahoney in the mouth, causing serious damage to the teeth and mouth of the victim. Blood splattered about the interior of the vehicle. Appellant then exited the car, and the driver and Mahoney rushed to the emergency room.

At the emergency room, the doctor on duty indicated Mahoney had a laceration to his upper lip requiring seven stitches, a laceration to his lower lip needing eight stitches, two teeth knocked out completely, two fractured teeth, and two loosened teeth. One of the knocked-out teeth became embedded in Mahoney's sinus cavity and required surgical removal.

The victim continued to receive ongoing dental care for the injuries to his mouth. His treatment included visits for orthodontic care as well as periodontist specialty care. He needed reparative bone grafting and the installation of dental implants. The bone attached to his teeth was also damaged and needed to be built up and replaced with bone grafting. Mahoney continued to see dental specialists for these various procedures resulting from the appellant's assault for a period in excess of one year.

## DISCUSSION

We have reviewed the record in this case. The appellant entered a no contest plea to assault with a deadly weapon and admitted a strike prior. He was fully aware of the consequences of his plea and indeed stipulated to the factual basis for his plea. He was well represented by trial counsel during the proceedings. The documents received from the Board provide substantial detail on the extent of dental care the victim was required to undergo because of the force of appellant's punch to the mouth. The funds ordered by the court are to be provided to the State of California as proper restitution. We see no basis to disturb this judgment.

## DISPOSITION

The judgment is affirmed.

3

_____
DONDERO, J.

We concur:


_____
HUMES, P. J.


_____
MARGULIES, J.

4